## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TIMOTHY BARNES,

        *Plaintiff,*

*v.*

OBIAKOR and PARR-MIRZA,

        *Defendants.*

_____/

Case No. 2:25-cv-12680

Mark A. Goldsmith
United States District Judge

Patricia T. Morris
United States Magistrate Judge

### ORDER DENYING PLAINTIFF'S MOTION
### FOR APPOINTMENT OF COUNSEL (ECF No. 13)

Plaintiff filed this 42 U.S.C. § 1983 action *pro se*. He now moves for the appointment of counsel. (ECF No. 13). For the reasons explained below, this motion will be **DENIED**.

Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in a district court's sound discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, a court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiff's ability to represent himself. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiff's ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, the plaintiff's prior *pro se* experience is relevant to his ability to manage his current case. *Id.*

If the claims are frivolous or have "extremely slim" chances of success, the court should not appoint counsel. *Richmond*, 450 F. App'x at 452. Courts may also decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette*

*Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

This case is at an early stage, and Plaintiff's complaint demonstrates that he is capable of presenting his claims and arguments in writing. Further, the Court does not find the factual or legal issues involved particularly complex nor does it find that Plaintiff has articulated an exceptional circumstance justifying the appointment of counsel at this time.

Accordingly, Plaintiff's motion for the appointment of counsel (ECF No. 13) is **DENIED WITHOUT PREJUDICE**. Plaintiff may file a new motion for the appointment of counsel should an exceptional circumstance arise or once the case progresses through early motion practice.

**IT IS SO ORDERED.**

Date: October 15, 2025                    S/ PATRICIA T. MORRIS
                                          Patricia T. Morris
                                          United States Magistrate Judge