UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY BARNES, | Case No. 2:25-cv-12680 |
| *Plaintiff*, | Mark A. Goldsmith<br>United States District Judge |
| v. | |
| OBIAKOR and PARR-MIRZA, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants*. | |

_____/

**ORDER RESOLVING
PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (ECF No. 16)
AND
DEFENDANT OBIAKOR'S MOTION TO COMPEL (ECF No. 21)**

## I.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff, proceeding *pro se*, alleges that Defendants violated his Eighth Amendment rights. (ECF No. 1). Before the Court are Plaintiff's motion for an extension of time (ECF No. 16) and Defendant Obiakor's motion to compel discovery responses (ECF No. 21). This Order will resolve both motions.

## II.  Discussion

On October 24, 2025, Plaintiff filed a motion for an extension of time, explaining that when the Court denied his motion for the appointment of counsel on

1

October 15, 2025 (ECF No. 15), it left him only one day to "properly answer the Defendant's pleadings for Interrogatories and Discovery . . . and to reply to Defendant's answer to his Complaint. (*Id.* at PageID.50). A week later, Obiakor filed a motion to compel discovery responses, asserting that Plaintiff had failed to properly respond to a set of discovery requests served on September 18, 2025, and also refused to sign an authorization for the release of his medical records. (ECF No. 21).

Both of these motions stem from Obiakor sending discovery requests in the absence of a scheduling order. "In *pro se* prisoner civil litigation, such as this case, discovery typically commences upon issuance of a scheduling order setting discovery and dispositive motion deadlines." *Brown v. Snyder*, No. 19-11325, 2020 WL 6342669, at *2 (E.D. Mich. Oct. 29, 2020). Generally, this Court waits until all defendants have been served before entering a scheduling order. In this case, Defendant Parr-Mirza's waiver of service was not docketed until September 22, 2025 (ECF No. 12), and counsel did not appear on Parr-Mirza's behalf until October 30, 2025 (ECF No. 17). Put simply, Obiakor's discovery requests were premature.

Parr-Mirza has filed a dispositive motion in response to the complaint (ECF No. 19) and the Court intends to address that motion before entering a scheduling order. No discovery should be exchanged until a scheduling order is entered. An exception will be made for compelling Plaintiff to sign an authorization for the

2

release of his medical records. Courts routinely grant motions to compel prisoner-plaintiffs to sign such authorizations when they bring claims related to the medical care they received (or perhaps, did not receive) while incarcerated. *See, e.g.*, *Arnold v. Hutchison*, No. 16-cv-13403, 2017 WL 1684674, at *2 (E.D. Mich. May 3, 2017); *Davis v. Caruso*, No. 07-cv-11740, 2009 WL 931165, at * 5 (E.D. Mich. Mar. 31, 2009); *Tolson v. Washburn*, No. 3:19-cv-00175, 2021 WL 4391642, at *3 (M.D. Tenn. Sept. 24, 2021); *Sleighter v. Kent Cnty. Jail Admin.*, No. 1:12–cv–763, 2013 WL 5320203, at *5 (W.D. Mich. Sept. 20, 2013). Finally, it is unnecessary to give Plaintiff extra time to file a reply to Obiakor's answer to the complaint because it is not common practice in this Court to allow plaintiffs to file replies to answers to their complaints.

### III.   Conclusion

For these reasons, Plaintiff's motion for an extension of time (ECF No. 16) and Obiakor's motion to compel discovery responses (ECF No. 21) are hereby deemed **RESOLVED**.

Obiakor shall send Plaintiff a new authorization for the release of his medical records within **five days of entry of this Order**. Plaintiff must sign the authorization and mail it back to Obiakor within **ten days of its receipt**. Obiakor may file a renewed motion to compel if he does not receive a signed authorization by the end of the month.

Plaintiff is reminded that his response to Parr-Mirza's motion is due by November 20, 2025.

**IT IS SO ORDERED.**

Date:  November 10, 2025             s/PATRICIA T. MORRIS
                                     Patricia T. Morris
                                     United States Magistrate Judge