UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BARNES,

       Plaintiff,

v.

HAROLD OBIAKOR and
ERIN PARR-MIRZA,

       Defendants.

_____/

Case No. 25-cv-12680
HON. MARK A. GOLDSMITH

**OPINION & ORDER (1) ADOPTING REPORT AND RECOMMENDATION (Dkt. 27), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 28), AND (3) GRANTING DEFENDANT PARR-MIRZA'S MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT (Dkt. 19)**

This matter is before the Court on Magistrate Judge Patricia T. Morris's Report and Recommendation (R&R) recommending that the Court grant Defendant Erin Parr-Mirza's motion to dismiss (Dkt. 19). R. & R. at PageID.224 (Dkt. 27). Plaintiff Timothy Barnes filed objections (Dkt. 28).[1] The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

For the reasons set forth below, the Court (i) adopts the recommendation in the R&R, (ii) overrules Barnes's objections, (iii) grants Parr-Mirza's motion to dismiss.

## I.   BACKGROUND

The full relevant factual background is set forth in the R&R. R. & R. at PageID.224–226. Barnes brings deliberate indifference claims under the Eighth Amendment related to a knee injury to which he alleges that Defendants failed to reasonably respond. Compl. at PageID.3–7 (Dkt. 1).

_____

[1] The briefing also includes Barnes's response (Dkt. 25) and Parr-Mirza's reply (Dkt. 26).

The R&R recommends that the Court grant Parr-Mirza's motion to dismiss because Barnes did not allege that Parr-Mirza was personally involved in the allegedly unconstitutional conduct. R. & R. at PageID.229–237.

Barnes makes two objections to the R&R. Obj. at PageID.240–242. They both lack merit.

## II.    ANALYSIS

Barnes first objects to the R&R's conclusion that he did not state a constitutional violation as to Parr-Mirza. He takes issue with the R&R's conclusion that even if Parr-Mirza had intentionally lied that his follow-up appointment had been scheduled when it was actually only in the process of being scheduled—which the R&R ultimately concludes did not occur—there is no constitutional violation. Obj. at PageID.240. And Barnes also takes issue with the R&R's conclusion that Parr-Mirza's only role in his grievance was failing to act upon learning of the alleged violation. Id. at PageID.241. Barnes asserts that because Parr-Mirza "is considered part of the government and its officials" she is required to "ensure" his medical needs were met. Id. at PageID.241.

Barnes is incorrect. As the R&R correctly states, officials cannot be liable under § 1983 solely because they are a member of government or as is the case here, a supervisor. Hays v. Jefferson Cnty., 668 F.2d 869, 872 (6th Cir. 1982). Objection one is overruled.

Barnes's second objection is similar. He objects to the R&R's conclusion that Parr-Mirza "cannot be liable upon learning from the grievance that Plaintiff was in need of medical care because she was a supervisor." Obj. at PageID.242. He argues that a supervisor can be liable if she "encouraged the specific misconduct or in some way directly participated in it." Id.

Barnes is correct that a supervisor can be liable under § 1983 if the supervisor is "personally responsible" for the unconstitutional act. Mills v. City of Barbourville, 389 F.3d 568, 580 (6th Cir. 2004). This may be shown by demonstrating that the supervisor "condoned, encouraged, or

2

knowingly acquiesced in the alleged unconstitutional misconduct." Id. But Barnes's only evidence that Parr-Mirza encouraged or directly participated in his alleged unconstitutional act is by virtue of her role as a supervisor. Obj. at PageID.242. This is not enough. Objection two is overruled.

### III.  CONCLUSION

The Court adopts the R&R (Dkt. 27), overrules Barnes's objections (Dkt. 28), and grants Parr-Mirza's motion to dismiss (Dkt. 19).

**SO ORDERED.**

Dated: June 23, 2026                                  s/Mark A. Goldsmith
Detroit, Michigan                                     MARK A. GOLDSMITH
                                                      United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 23, 2026.

                                                      s/Joseph Heacox
                                                      JOSEPH HEACOX
                                                      Case Manager

3